UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

SALAME M. AMR,

    Plaintiff,

v.                                                                           Civil Action No. 3:11cv423

THE ATTORNEY GENERAL OF VIRGINA, et al.

    Defendants.

## **<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF<br>DEFENDANTS SCOTT CROWLEY AND CROWLEY & CROWLEY</u>**

The defendants Scott Crowley and Crowley & Crowley (collectively "Crowley"), submit their memorandum in support of their motion to dismiss the Complaint filed by the plaintiff Salame M. Amr ("Amr"), pursuant to Fed. R. Civ. P. 12(b)(6).

### **<u>INTRODUCTION</u>**

Amr is suing Crowley who represented Amr in a federal civil rights action in this Court after being turned down for tenure at Virginia State University ("VSU"). Amr claimed that VSU denied his application for tenure as a result of a false accusation that he plagiarized an academic paper. He sued VSU for race and national origin discrimination and violation of his due process rights. Amr's action was dismissed by this Court when it granted VSU's motion for summary judgment.

Amr subsequently sued Crowley in the Richmond Circuit Court, alleging (Count I) Negligence/ Malpractice, (Count II) Breach of Contract and Breach of Fiduciary Duty, (Count III) Fraud and Conspiracy, and (Count IV) Intentional Infliction of Emotional Distress. The Richmond Circuit Court (Hon. Theordore J. Markow, Judge) dismissed counts II, III and IV on demurrer. The Court thereafter dismissed Count I by summary judgment after failed to respond to requests for admissions.

In the present action, Amr raises the same claims that were dismissed by the Richmond Circuit Court, plus four federal statutory claims – 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

Copies of Amr's Amended Complaint filed with the Richmond Circuit Court, and the court's orders dismissing his claims, are attached as exhibits to Crowley's Motion to Dismiss. Crowley moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Amr's common law claims are barred under the doctrine of res judicata, by the applicable statute of limitations and because Amr's Complaint fails to state claims under which relief can be granted.

## **PROCEDURAL BACKGROUND**

On October 15, 2007, through an attorney other than Crowley, Amr filed a Complaint against his former employer, VSU and four individual employees of VSU, alleging violations of 42 U.S.C. § 1981 and 1983. An Amended Complaint was filed on February 25, 2008. Amr's prior counsel withdraw as his attorney, and on March 6, 2008, Crowley appeared as counsel for Amr.

On April 9, 2008, the Court granted VSU's motion that it be dismissed without prejudice as a defendant in the action. On July 29, 2008, the Court granted Amr's motion for leave to file a Second Amended Complaint, which added claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The joinder of Title VII allowed the case to proceed against VSU and permitted additional theories of liability. On August 20, 2008, VSU and the individual defendants moved the Court for summary judgment. On September 2, 2008, Crowley filed a memorandum in opposition to the motion for summary judgment. On September 9, 2008, the matter was referred to Magistrate Judge M. Hannah Lauck for report and recommendation.

On October 15, 2008, Amr, acting on his own behalf, filed with the Court a document entitled "Urgent Motion for Relief," and a letter. On December 3, 2008, Judge Lauck issued a report and recommendation that VSU's motion for summary judgment be granted. On December 12, 2008, Amr

moved that Crowley be relieved as his counsel. This motion was granted by the Court on December 15, 2008. On December 23, Judge Lauck issued a revised report and recommendation again proposing that VSU's motion for summary judgment be granted.

On January 14, 2009, the Court adopted the revised report and recommendation of Judge Lauck. Amr filed a timely notice of appeal to the dismissal of his case on February 12, 2009. On August 6, 2009, U.S. Court of Appeals for the Fourth Circuit affirmed the decision of the U.S. District Court for the Eastern District of Virginia (Hon. Robert E. Payne, District Judge). A subsequent petition for writ of certiorari to the United States Supreme Court was denied.

On June 28, 2010, Amr filed suit against Crowley in the Richmond City Circuit Court alleging negligence, breach of contract and other common law causes of action. (Appended as Exhibit 1 to Crowley's Motion to Dismiss) Amr was subsequently granted leave to amend his Complaint. On March 24, 2011, the Circuit Court sustained Crowley's demurrer to Counts 2, 3 and 4 of Amr's Amended Complaint. (Appended as Exhibit 2) On June 23, 2011, that Court entered an Order granting Crowley's motion for summary judgment and dismissed the entire matter with prejudice. (Appended as Exhibit 3) Following a denied motion for reconsideration, Amr noted his appeal to the Virginia Supreme Court on June 23, 2011. (Appended as Exhibit 4).

## ARGUMENT

### STANDARE OF REVIEW

Dismissal of claims is appropriate under Fed. R. C. Pro. 12(b)(6) where "it is clear no relief under any set of facts which could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Mylan Laboratories, Inc. v. Matkari, 7 F.3d at 1130, 1134 (4th Cir. 1993).

Further, the plaintiff must allege facts that make the particular cause of action "plausible."

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**COUNT I (42 U.S.C. §§ 1981 and 1983)**

    A. 42 U.S.C. § 1981.

        1. The doctrine of claim preclusion bars the section 1981 claim.

Amr previously sued Crowley in Virginia state court, alleging the identical set of facts that he now asserts in his Complaint filed with this Court. Crowley received judgment in his favor on the initial suit. Although Amr did not assert a claim under 42 U.S.C. § 1981, there was no impediment to his doing so since federal courts do not have exclusive jurisdiction over the Reconstruction Era civil rights statutes. Accordingly, his claim under section 1981 is now barred under the doctrine of claim preclusion.

Claim preclusion bars the assertion of legal or equitable rights of action even if they were not specifically resolved in earlier litigation. Called "merger" when the claimant won the first suit and "bar" when the claimant lost it, claim preclusion treats unasserted claims as being subsumed in the disposition of the related, previously adjudicated claims. See Restatement (Second) of Judgments §§ 18, 19 (1982).

Because Amr brought his first suit against Crowley in Virginia state court, Virginia rules of *res judicata* apply. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir. 1989). Rule 1:6(A) of the Rules of the Supreme Court of Virginia make plain that a plaintiff is barred in a second suit from bringing any claim arising out of the "same conduct, transaction or occurrence" raised in the first suit.

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided in the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on

> any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior occurrence depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

R. Sup. Ct.Va. 1:6(A).

Amr's claims having been disposed of on demurrer or summary judgment constitute final judgments on the merits. See Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 n. 3 (4th Cir. 1984) ("for purposes of res judicata, a summary judgment has always been considered a final disposition on the merits."). The claims that Amr now asserts under section 1981 arose from the "same conduct, transaction or occurrence" as the facts asserted against Crowley previously. It does not matter that his current second suit may involve different theories or even dissimilar evidence. What matters is the practical commonality of the factual circumstances. Claims arising out of a unified cluster of facts must, according to the mandate of Rule 1:6, be litigated in the same lawsuit.

The doctrine of *res judicata*, or claim preclusion, "is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts." Federated Dept. Stores v. Moitie, 452 U.S. 394, 401 (1981).

    2. The statute of limitations bars the section 1981 claim.

The limitations period for claims under 42 U.S.C. § 1981 is governed under state personal injury law. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). In Virginia, that period is two years. See Virginia Code § 8.01-243(A); Lewis v. Richmond City Police Dept., 947 F.2d 733, 735 (4th Cir. 1991).

Crowley appeared as counsel for Amr on March 6, 2008 and was relieved as counsel on December 15, 2008, at Amr's request. Any claim against Crowley under section 1981 must have

5

accrued by the date marking the end of his representation of Amr since Crowley could not have done anything to violate Amr rights after the conclusion of such representation.  Since Amr moved that Crowley be relieved, he is presumed to have all knowledge as of that date of any harm done to him by Crowley.  See Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995)(an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action"), citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979).

The two-year limitations period for claims arising under section 1981 would have expired on December 15, 2010, but Amr did not file the present action against Crowley until June 30, 2011. Accordingly, Amr's claim under section 1981 must be dismissed.  As will be seen below, this same analysis mandates dismissal of Amr's other federal claims against Crowley.

   3. Amr does not recite facts to support a claim.

The heading of Amr's First Cause of Action refers to section 1981 of Title 42 of the United States Code.  The allegations under the heading, however, make no reference to section 1981.  A passing reference to a statutory violation, with no assertion of facts to support a supposed violation, is not sufficient to place the defendants on notice of the claim.  In Twombly, the Supreme Court instructed:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice"of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. At 556 n.6.

    4. Amr fails to allege racial animus.  Section 1981 remedies claims of race or national origin discrimination. St. Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987).  To support an allegation of race or national origin discrimination under section 1981, the claimant must show racial animus by the defendants.  See General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391

6

(1982).  Not one of the 183 numbered paragraphs in Amr's Complaint  allege that Crowley displayed or exercised any hostility or animus against him on account of race or national origin.

Conclusory allegations of discrimination not supported by any reference to particular acts, practices or policies, fail to state a claim for relief under § 1981.  United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Collin v. Rector & Bd. of Visitors of the Univ. of Va., 873 F. Supp. 1008, 1014 (W.D. Va. 1995).

    B.  42 U.S.C. § 1983.

        1.  The doctrine of claim preclusion bars recovery under section 1983.

There was no impediment to Amr including a claim under 42 U.S.C. § 1983 in his state court claim against Crowley.  The relief he seeks arose under "the same conduct, transaction or occurrence" and thus is not barred under Rule 1:6(A) of the Rules of the Supreme Court of Virginia.

        2.  The statute of limitations bars the section 1983 claim.

The limitations period for claims under 42 U.S.C. § 1983 is two years, just as the claim under section 1981.  Applying the same analysis as used above, Amr filed his claim after the limitations period had expired, making his claim time-barred.

        3.  Crowley cannot be liable under section 1983 as he is not a state actor.

"A federal civil rights claim based upon § 1983 . . . must show that the alleged deprivation was committed by a person acting under color of state law."  Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011), citing West v. Atkins, 487 U.S. 42, 48 (1988).  Crowley is an attorney engaged in the private practice of law.  He is not employed or engaged by any government department or agency at any level.  Crowley was not acting "under color of state law" when he undertook to represent Amr.  Accordingly, Amr cannot allege that Crowley violated any right that can be remedied under 42 U.S.C. § 1983.

## COUNT II (NEGLIGENCE)

A. <u>The doctrine of issue preclusion bars Amr's negligence claim</u>.

Amr sued Crowley in his state court action for "Negligence/Malpractice." This count relies on the precisely the facts as Amr's Count II for negligence in the present Complaint. The doctrine of issue preclusion bars re-litigation of common factual issues involving the same or related parties. "Under the concept of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" <u>Rawlings v. Lopez</u>, 267Va. 4, 4-5, 591 S.E.2d 691, 692 (2004), quoting <u>Norfolk & W. Ry. v. Bailey Lumber Co.</u>, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980), quoting in turn, <u>Bates v. Devers</u>, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

For the reasons set forth in the previous section, Rule 1:6(A) bars Amr's re-litigation of claims and asserted facts brought and disposed of on the merits in a prior suit. Because Amr brought his first suit against Crowley in Virginia state court, Virginia rules of *res judicata* apply. <u>See</u> <u>Shoup v. Bell & Howell Co.</u>, 872 F.2d 1178, 1179 (4th Cir. 1989).

B. <u>Amr's negligence claim is barred by the statute of limitations</u>.

Virginia Code § 8.01-243(A) provides for a two-year limitations period for personal injury actions, which include actions for negligence. Crowley ended his involvement in Amr's claim against VSU on December 15, 2008 and his current claim was filed on June 30, 2011, more than two years later. Accordingly, Amr's claim is time-barred.

## COUNT III (BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY)

A. <u>Issue preclusion bars Amr's claim for breach of contract and fiduciary duty</u>.

Amr brought the same claim of breach of contract and fiduciary duty against Crowley in the prior state court suit. Amr's claim was dismissed pursuant to the Richmond Circuit Court's granting of

8

Crowley's demurrer, which constitutes an adjudication on the merits. The Richmond Circuit Court issued a final judgment. Accordingly, Amr's current claim must be deemed *res judicata* and barred.

## COUNT IV (FRAUD)

A. <u>Issue preclusion bars Amr's claim for fraud</u>.

Amr brought the same claim of fraud against Crowley in the prior state court suit. Amr's claim was dismissed by the Richmond Circuit Court. Accordingly, Amr's current claim must be deemed *res judicata* and barred.

B. <u>Amr's fraud claim is barred by the statute of limitations</u>.

Virginia Code § 8.01-243(A) provides for a two-year limitations period for personal injury actions, which include actions for fraud. Amr's current claim was filed more than two years after Crowley was relieved of representing him. Accordingly, Amr's claim is time-barred.

C. <u>Amr fails to plead fraud with the requisite particularity</u>.

A plaintiff asserting fraud must plead with the "requisite degree of particularity, facts which support all the elements of a cause of action for constructive fraud." <u>Mortarino v. Consultant Eng'g Servs</u>., 251 Va. 289, 295 (1996). Amr has not alleged what misrepresentations Crowley made to him, or that he relied upon such misrepresentations.

## COUNT V (CONSPIRACY)

A. <u>Issue preclusion bars Amr's claim for conspiracy</u>.

Amr brought the same claim of fraud against Crowley in the prior state court suit. Amr's claim was dismissed by the Richmond Circuit Court. Accordingly, Amr's current claim must be deemed *res judicata* and barred.

B. <u>Amr's fraud claim is barred by the statute of limitations</u>.

Virginia Code § 8.01-243(A) provides for a two-year limitations period for personal injury actions, which include actions for conspiracy. Amr's current claim was filed more than two years after Crowley was relieved of representing him. Accordingly, Amr's claim is time-barred.

**COUNT VI (TORTIOUS INTERFERENCE WITH CONTRACT)**

    A. <u>Claim preclusion bars Amr's claim for intentional interference with contract</u>.

Amr did not include a claim for intentional interference with contract in his Amended Complaint filed with the Richmond Circuit Court. However, he refers extensively to the factual basis underlying his current claim in the Virginia state court Complaint (¶¶ 51, 55, 129, and 136) Further, the relief Amr now seeks arose under "the same conduct, transaction or occurrence" and thus is not barred under Rule 1:6(A) of the Rules of the Supreme Court of Virginia.

    B. <u>Amr's intentional interference claim is barred by the statute of limitations</u>.

Virginia Code § 8.01-243(A) provides for a two-year limitations period for personal injury actions, which include actions for intentional interference with contract. Amr's current claim was filed more than two years after Crowley was relieved of representing him. Accordingly, Amr's claim is time-barred.

    C. <u>Amr fails to state a claim for intentional interference</u>.

Crowley adopts the reasoning of the The Attorney General of Virginia, contained on pages 24-26 of its brief as being equally applicable to Amr's claim against him.

**COUNT VII (42 U.C.S. § 1985 AND 1986)**

    A. <u>The doctrine of claim preclusion bars recovery under section 1985 and 1986</u>.

There was no impediment to Amr including a claim under 42 U.S.C. § 1985 or 1986 in his state court claim against Crowley. The relief he seeks arose under "the same conduct, transaction or

occurrence" and thus is not barred under Rule 1:6(A) of the Rules of the Supreme Court of Virginia.

    B. <u>The statute of limitations bars the sections 1985 and 1986 claims</u>.

The limitations period for claims under 42 U.S.C. § 1985 is two years, and the one year for claims under section 1986. Those claims are thus time-barred.

    C. <u>Amr fails to state a claim under these statutes</u>.

Crowley adopts the reasoning of the The Attorney General of Virginia, contained on pages 26-28 of its brief as being equally applicable to Amr's claim against him.

## COUNT VIII (INFORMATON NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS)

Crowley understands this count to mimic Amr's other common law counts, which are barred by the issue of claim preclusion and the applicable statute of limitations.

## COUNT IX (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE))

    A. <u>Issue preclusion bars Amr's claim for infliction of emotional distress</u>.

Amr brought the same claim of intentional infliction of emotional distress against Crowley in the prior state court suit. Amr's claim was dismissed by the Richmond Circuit Court. Accordingly, Amr's current claim must be deemed *res judicata* and barred.

    B. <u>Amr's intentional infliction claim is barred by the statute of limitations</u>.

Virginia Code § 8.01-243(A) provides for a two-year limitations period for personal injury actions, which include actions for intentional infliction of emotional distress. Amr's current claim was filed more than two years after Crowley was relieved of representing him. Accordingly, Amr's claim is time-barred.

    C. <u>Amr fails to state a claim for intentional infliction</u>.

Crowley adopts the reasoning of the The Attorney General of Virginia, contained on pages 28-30 of its brief as being equally applicable to Amr's claim against him.

## CONCLUSION

For the foregoing reasons, the defendants Scott Crowley and the Crowley & Crowley respectfully request that the plaintiff's Complaint be dismissed in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted

        SCOTT CROWLEY

        CROWLEY & CROWLEY

        By: _____/s/_____

        Scott Gregory Crowley
        Virginia bar number 31216
        Pro se and attorney for Crowley & Crowley
        Crowley &Crowley
        The Meridian Building
        1800 Bayberry Court, Suite 102
        Richmond, Virginia 23226
        Phone: (804) 282-5303
        Fax: (804) 282-5337
        cclawva@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Salame M. Amr
106 Cedar Creek Lane
Colonial Heights, VA 23834

George W. Chabalewski, Esq.
Senior Assistant Attorney General
Office of the Virginia Attorney General
900 East Main Street
Richmond, VA 23219

                                                _____/s/_____
Scott Gregory Crowley
Virginia bar number 31216
Pro se and attorney for Crowley & Crowley
Crowley & Crowley
The Meridian Building
1800 Bayberry Court, Suite 102
Richmond, Virginia 23226
Phone: (804) 282-5303
Fax: (804) 282-5337
cclawva@aol.com