IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

    Plaintiff,

v.                                                                       Civil Action No. 3:11cv423

THE ATTORNEY GENERAL
OF VIRGINIA, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff Salame M. Amr's Petition for Pre-filing of Motions ("Petition") and Amended Petition for Pre-filing of Motions and Responses ("Amended Petition").[1] (ECF Nos. 40, 53.) These petitions have been fully briefed and the matter is now ripe for disposition.[2] The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS DENYING Amr's Petition for Pre-filing Motions and Amended Petition for Pre-filing of Motions and Responses. (ECF Nos. 40, 53.)

---

[1] On November 27, 2012, the District Court referred Amr's Petition and Amended Petition to the undersigned Magistrate Judge for a Report and Recommendation. (ECF No. 55.)

[2] On April 10, 2012, the District Court ordered Defendants to respond to Amr's Petition. (ECF No. 46.)

# I. Procedural Background[3]

Between September 22, 2011 and September 26, 2011, the District Court entered five orders disposing of this case, sanctioning Amr, and issuing a pre-filing injunction against him.[4] (ECF Nos. 26-30.) This injunction prohibited Amr from "filing any further action in this Court that in any way involves, or relates, to the factual allegations in [his previously filed four cases, including this case,] *Amr v. The Attorney General of Virginia, et al.*, Civil Action No. 3:11cv423." (Order Sept. 22, 2011 (ECF No. 28).)

On October 3, 2011, Amr paid the $1,000 sanction and submitted Plaintiff's Motion for Reconsideration, Motion for Amended Filings, and Motion for Vacating Judgments and Memorandum of Law Supporting his Motion for Reconsideration, Motion for Amended Filings, and Motion for Vacating Judgments. Pursuant to the September 22, 2011 orders (ECF Nos. 27-28), the Clerk did not file these documents and instead referred them to the Hon. Robert E. Payne for review. (ECF No. 31.) The District Court did not approve the filing of these documents. On December 20, 2011, Amr resubmitted these documents to the Hon. James R.

---

[3] Amr filed his fourth and most recent Complaint on June 30, 2011. Amr's fourth Complaint repeated unsuccessful claims made in each of his three prior cases. At base, Amr persistently challenges his dismissal from a tenured position at Virginia State University ("VSU") for what he claims was a false charge of plagiarism. This Court need not address each previous filing or decision because they fail to impact the recommendation here. Instead, the Court begins with the District Court's dismissal of Amr's fourth Complaint and the imposition of sanctions and a pre-filing injunction. (ECF Nos. 26-30.)

[4] Specifically, on September 22, 2011, the District Court first granted Defendants Ronald R. Regnery's and Gregory C. Fleming's Motion to Dismiss (ECF No. 5), dismissing the action against them with prejudice. (ECF No. 26.) Second, the District Court granted Regnery's and Fleming's Motion for Sanctions (ECF No. 14), dismissing the action with prejudice, imposing a $1,000 monetary sanction, and instituting a pre-filing injunction. (ECF No. 27.) Third, the District Court entered the pre-filing injunction order on September 22, 2011. (ECF No. 28.) Fourth, on September 23, 2011, the District Court granted Defendant the Attorney General of Virginia's Motion to Dismiss (ECF No. 5), dismissing the action against it with prejudice. (ECF No. 29.) Finally, on September 26, 2011, the District Court granted Defendants Scott Crowley's and Crowley & Crowley's Motion to Dismiss (ECF No. 8), dismissing this action with prejudice as to these remaining two defendants. (ECF No. 30.)

2

Spencer and included a Motion to Disqualify Judge Payne for his Prejudice and Bias Against Plaintiff Pursuant to 28 U.S.C. §§ 144, 455. Judge Spencer did not approve these pleadings for filing.

On October 25, 2011, Amr filed his Amended Notice of Appeal.[5] (ECF No. 34.) On January 20, 2012, the District Court denied Amr's request to proceed *in forma pauperis*, stating:

> [B]eing mindful that, in four cases filed by Mr. Amr, the Court has held that the same claims that are asserted herein by Mr. Amr were presented, and rejected, as lacking in merit, and finding that the claims herein are without merit and that they are presented for reasons of vexation and harassment, and having found it necessary to enjoin Mr. Amr from further prosecuting those meritless claims, and having imposed sanctions upon him for so prosecuting these claims, and noting that, even after having been sanctioned and enjoined, Mr. Amr has continued to press the meritless claims by submitting baseless motions for reconsideration in the same four cases, the Court concludes that the appeal filed herein is without merit and that it is interposed for purposes of vexing and harassing the defendants and that the appeal is not taken in good faith . . . .

(Order Jan. 20, 2012 (ECF No. 38).)

On March 19, 2012, the United States Court of Appeals for the Fourth Circuit also denied Amr's request to proceed *in forma pauperis* and dismissed his appeal for the reasons stated by the District Court. (ECF Nos. 39-40.) On May 1, 2012, the Fourth Circuit issued its mandate. (ECF No. 52.)

On March 21, 2012, two days after the Fourth Circuit issued its decision, Amr submitted his Petition. (ECF No. 41.) On April 30, 2012, the Defendants responded to the Petition as ordered. (ECF Nos. 48, 52.) On May 21, 2012, two months after the Fourth Circuit issued its mandate, Amr submitted his Amended Petition and his Response to the Defendants' Responses. (ECF Nos. 53-54.) On November 27, 2012, the District Court referred both of Amr's "received

---

[5] Amr initially appealed three of the District Court's five orders. (ECF No. 32.) His Amended Notice of Appeal appeals all five of the September 22 through September 26, 2011 orders. (ECF No. 34.)

3

only" petitions to the undersigned Magistrate Judge for a Report and Recommendation. (ECF No. 55.)

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS DENYING Amr's Petition for Pre-filing Motions and Amr's Amended Petition for Pre-filing Motions and Responses. (ECF Nos. 41, 53.)

## II. Analysis

Although citing Federal Rule of Civil Procedure 60(b)(1), Amr's Petition fails to clearly articulate the basis for his Rule 60(b) request for relief.[6] Amr explains that, as an "inexperienced pro se litigant and non-native English speaker," he found that "[t]he Court's Order was not so clear to the Plaintiff that he must formally file a petition for pre-filing motions. He believed that it applies only for initiating a new lawsuit." (Pet. 1.)

Amr utterly fails to persuade this Court, on referral, that the District Court's order not to file any action that "in any way involves, or relates, to" the factual allegations in the case at bar somehow confused him or exempted a motion for reconsideration from requiring court approval. (Order Sept. 22, 2011 (ECF No. 28).) Such a specious argument lacks credulity, especially given the District Court's months' earlier remonstration that Amr "has continued to press the meritless claims by submitting baseless motions for reconsideration in the same four cases." (Order Jan. 20, 2012 (ECF No. 38).)

---

[6] Amr "prays that an order be issued that the Clerk of this Court may file those motions (motion for disqualifying Judge Payne and motion for reconsideration, for amending findings, and for amended judgment)" that Amr previously submitted. (Pet. 3.) Given Amr's *pro se* status, this Report and Recommendation will address some aspects of Rule 60(b) not specifically invoked by Amr.
Amr does not specify the exact motions for which he seeks relief. Amr appears to place at issue his failure to secure the required permission before submitting his: (1) Motion for Reconsideration, Motion for Amended Filings, and Motion for Vacating Judgments;
(2) Memorandum of Law Supporting his Motion for Reconsideration, Motion for Amended Filings, and Motion for Vacating Judgments; and (3) Motion to Disqualify Judge Payne for his Prejudice and Bias Against Plaintiff Pursuant to 28 U.S.C. §§ 144, 455.

4

Indeed, were this Court to reach the merits of his contention, Amr's purported misunderstanding of the District Court's orders fails to state a basis for relief under Rule 60(b)(1)'s "mistake, inadvertence, surprise, or excusable neglect" ground. Amr's ostensible misunderstanding of the order cannot constitute a cognizable mistake under the rule. *See Shelton v. Astrue*, No. 5:12cv00009, 2013 WL 278617, at *7 (W.D. Va. Jan. 24, 2013) ("To succeed under the rule's first enumerated basis (mistake, inadvertence, surprise, or excusable neglect) the plaintiff bears the burden of demonstrating exceptional grounds that are clearly substantiated by adequate proof. That determination is at bottom an equitable one.") (citations omitted) (internal quotation marks omitted).[7] That said, Amr fails to satisfy the initial threshold requirements that would permit this Court to turn to the merits of his claim.

### A. Federal Rule Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must cross the "initial threshold" showing of "'[(1)] timeliness, [(2)] a meritorious [claim or] defense, [(3)] a lack of unfair prejudice to the opposing party, and [(4)] exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)); *Square Const. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citing *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief

---

[7] The United States District Court for the Western District of Virginia adopted in relevant part the report and recommendation; other aspects were rejected. *See Shelton v. Astrue*, No. 5:12cv009, 2013 WL 603848, at *1 (W.D. Va. Feb. 19, 2013).

provided in Rule 60(b).[8] *Id.* Rule 60(b) does not authorize "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)); *see also Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) ("A Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." (citing *Williams*, 674 F.2d at 313 (4th Cir. 1982))).

### B. Amr Fails to Satisfy the Four Threshold Requirements

Because Amr persists in solely raising issues already decided against him, he fails to satisfy any of the four threshold requirements necessary to attain Rule 60(b) relief.

#### 1. No Request Within a Reasonable Time Occurred

First, Amr fails to satisfy Rule 60(b)'s threshold "timeliness" requirement. A Rule 60(b) motion "must be made within a reasonable time," not to exceed one year. Fed. R. Civ. P. 60(c). "[T]he timeliness of the motion is determined by its reasonableness, not simply by its falling within the one year maximum time limit. The timeliness of the motion is generally determined from the time movant discovered or reasonably should have discovered grounds for the Rule 60(b) motion." *Marks v. Soc. Sec. Admin.*, 963 F. Supp 517, 521 (E.D. Va. 1997) (citations omitted).

Amr submitted his Petition on March 22, 2012 and his Amended Petition on May 21, 2012, six and eight months, respectively, after the District Court's September 2011 orders, and

---

[8] The six grounds for relief include: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

after Amr appealed to the Fourth Circuit. Indeed, Amr submitted both his Petition and his Amended Petition after the Fourth Circuit dismissed his appeal.

Amr's petitions provide absolutely no explanation for his delay in seeking relief other than his claim that he misunderstood the District Court's orders. As stated above, that explanation flies in the face of a crystal clear directive and cannot provide relief under Rule 60(b)(1). Amr's submission of his Petition and his Amended Petition after the Fourth Circuit dismissed his appeal, at the very least, provides strong evidence that he fails to satisfy the timeliness requirements under Rule 60(b)(1). Given a finding on the record that Amr already has engaged in vexatious litigation, this Court on referral could choose to view these petitions as a calculated attempt, after losing an appeal, to garner advantage by knowingly filing frivolous placeholder motions. Even absent any observation as to nefarious intent, this Court concludes that Amr failed to file his petitions within a reasonable time because he offers no explanation for the delay or his misunderstanding. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("[A] Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay.")

### 2. No Meritorious Claim Exists

Even assuming Amr made his Rule 60(b) request within a reasonable time, he nonetheless fails to satisfy the other three threshold requirements imposed by Rule 60(b). Under the second threshold requirement, Amr fails to demonstrate a meritorious claim. "A meritorious [claim] requires a proffer of evidence which would permit a finding for the [moving party]." *Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Amr proffered nothing to permit a finding in his favor.

The District Court has already rejected Amr's other "baseless motions for reconsideration," emphasizing that:

> [i]n four cases filed by Mr. Amr, the Court has held that the same claims that are asserted herein by Mr. Amr were presented, and rejected, as lacking in merit, and finding that the claims herein are without merit and that they are presented for reasons of vexation and harassment . . . .

(Order Jan. 20, 2012.) (ECF No. 38.) Amr, once again, fails to identify any meritorious claim.

### 3. Lack of Unfair Prejudice to Opposing Parties Not Established

Next, Amr fails to demonstrate a lack of unfair prejudice to Defendants. Indeed, Amr's requested relief would necessarily unfairly prejudice the Defendants. The Fourth Circuit previously dismissed Amr's appeal. (ECF Nos. 39-40.) Granting Amr's attempt to revisit District Court decisions now upheld on appeal would unfairly and improperly resurrect a fully litigated case. Given that this case is the fourth of its kind, the prejudice is palpable. No reason exists to give Amr yet another opportunity to advance positions already rejected by the District Court and the Fourth Circuit.

### 4. No Exceptional Circumstances Exist

Finally, Amr fails to articulate any exceptional circumstances. Dissatisfied with the District Court's September 2011 orders, Amr simply seeks another chance to advance his "meritless" and "vex[ing]" claims. Because Amr merely wants the District Court to change its mind, Amr fails to establish any exceptional circumstances warranting Rule 60(b) relief. *See Lee X*, 771 F. Supp. at 728.

C. <u>Amr Fails to Satisfy Any of the Six Grounds of Rule 60(b) Relief</u>

Although Amr fails to satisfy Rule 60(b)'s threshold requirements, in light of Amr's litigious nature, the Court briefly notes that Amr also fails to satisfy any of the substantive grounds identified in Rule 60(b).[9]

As stated above, Amr cannot establish excusable neglect under Rule 60(b)(1). Amr also fails to identify any "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). Additionally, Amr cannot identify any "fraud (whether previously called intrinsic or extrinsic), misrepresentation,[10] or misconduct by an opposing party," nor does he articulate reasons the District Court's September 2011 orders are "void," or indicate that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed R. Civ. P. 60(b)(3)-(5).

Finally, Amr finds no recourse even under Rule 60(b)(6)'s catchall provision, which offers relief from a final order or judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule 60(b)(6)." *Dowell*, 993 F.2d at 48. "[A] court may grant relief under Rule 60(b)(6) if 'such action is appropriate to accomplish justice.'" *Id.* (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). Because Amr continues to press meritless claims against these Defendants and

---

[9] Amr's Petition invokes Rule 60(b)(1). His Amended Petition refers to no other ground for relief. Indeed, "offer[ing] nothing beyond citation to the rule itself" can, "[f]or that reason alone," result in the finding that a party "failed to demonstrate a valid Rule 60(b) . . . claim." *CVLR Performance Horses, Inc. v. Wynne*, No. 6:11-cv-0035, 2012 WL 5465024, at *5 (W.D. Va. May 23, 2012).

[10] Amr's claim of dismissal under a "false" accusation of plagiarism cannot constitute fraud or misrepresentation under Rule 60. This is true because the District Court – repeatedly – has rejected Amr's contentions that the dismissal of his claims was improper.

continues to waste limited court resources, granting Amr any relief pursuant to Rule 60(b)(6) fails to accomplish justice. Therefore, Rule 60(b)(6) relief is unwarranted.

### III. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS DENYING Amr's Petition for Pre-filing Motions and Amended Petition for Pre-filing Motions and Responses. (ECF Nos. 41, 53.)

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation may preclude further review or appeal from such order. *See Wright v. Collins*, 766 F.2d 841, 844-46 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to Amr, to counsel of record, and to the Honorable Robert E. Payne.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2/25/13